

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0937-13

---

### BRAXTON MENDOZA, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### CALDWELL COUNTY

---

KEASLER, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, PRICE, WOMACK, HERVEY, COCHRAN, and ALCALA, JJ., joined. JOHNSON, J., dissented.

### O P I N I O N

The sole issue is whether Braxton Mendoza suffered egregious harm when the trial court erroneously failed to include in its jury charge a limiting instruction under Texas Penal Code § 8.07(b) that would have instructed the jury that Mendoza could not be prosecuted for an offense committed while he was a minor. The court of appeals concluded that Mendoza did not suffer egregious harm. Although the court of appeals used an incorrect harm

analysis, we agree with its conclusion and affirm its judgment.

## I. Facts & Procedural History

Mendoza's indictment alleged that he committed aggravated sexual assault on August 15, 2010, by penetrating the sexual organ of M.M., a child younger than the age of fourteen years, with his penis. Mendoza entered a plea of not guilty, and the case was tried to a jury.

During the trial, testimony centered around a five-year period during which Mendoza sexually assaulted M.M. on three separate occasions: once in 2006 when M.M. was six and Mendoza was thirteen, once in 2008 when M.M. was nine and Mendoza was sixteen, and once in 2010 when M.M. was ten and Mendoza was seventeen. His indictment charged only the final, 2010 incident.[1]

Though Mendoza was not charged with offenses arising out of the first two incidents, evidence of them was admitted at trial under Texas Rule of Evidence 404(b)[2] and Texas Code of Criminal Procedure article 38.37.[3] With respect to the evidence of the first two

---

[1] *See* TEX. PENAL CODE § 8.07(b) (providing that "a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age except an offense described by Subsections (a)(1)–(5)").

[2] TEX. R. EVID. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.").

[3] TEX. CRIM. PROC. CODE art. 38.37, § 1(b) ("Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of [a Chapter 21 offense] shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and

incidents, the trial court gave the following limiting instruction:

> The Defendant is on trial solely on the charge contained in the indictment. In reference to evidence, if any, that the Defendant has engaged in transactions or acts other than that which is charged by the indictment in this case, you are instructed that you cannot consider such other transactions or acts, if any, for any purpose unless you first find and believe beyond a reasonable doubt that the Defendant engaged in said transactions or acts, if any, and even then, you may only consider said evidence for the following purposes: determining intent, identity, motive, opportunity, plan, preparation, or absence of mistake or accident, if it does; and for the purpose of determining the state of mind of the Defendant and the child, or the previous and subsequent relationship between the Defendant and the child, if any.

However, the trial court did not specifically give a § 8.07(b) instruction, which would have instructed the jury to assess guilt only with respect to the 2010 incident, when Mendoza was seventeen. Instead, the trial court gave the following instruction regarding proof of the date of the alleged offense:

> You are instructed that the State is not required to prove the exact date alleged in the indictment, but may prove the offense, if any, to have been committed at any time prior to the presentment of the indictment. And the date of the presentment of the indictment in this cause was the 17th day of August of 2011.

Mendoza did not object to this instruction, request a § 8.07(b) instruction, or object to the lack of a § 8.07(b) instruction.

The jury found Mendoza guilty of aggravated sexual assault, and the court sentenced Mendoza to seventeen years' confinement. Mendoza appealed the conviction, arguing that

---

the child; and (2) the previous and subsequent relationship between the defendant and the child.").

the trial judge had a *sua sponte* duty to include a § 8.07(b) limiting instruction, and that failure to do so caused him egregious harm sufficient to warrant a new trial. The court of appeals overruled Mendoza's point of error and affirmed the trial court's judgment.

## II. Court of Appeals' Opinion

The court of appeals concluded that the trial court erroneously omitted a § 8.07(b) limiting instruction. Despite reciting the correct standard articulated in *Almanza v. State*,[4] the lower court did not conduct the appropriate analysis.[5] The opinion does not reflect a full consideration of the four factors that, under the well-settled law, appellate courts should take into account in a jury-charge harm analysis. Instead, the court of appeals seemingly conducted a legal-sufficiency analysis, which is not the same as an *Almanza* analysis.[6] The opinion concludes in its penultimate paragraph that "[t]he evidence . . . was sufficient to allow reasonable jurors to find beyond a reasonable doubt that Mendoza committed the prior offenses."[7] We granted review to examine the lower court's harm analysis.

## III. Standard of Review

Upon a finding of error in the jury charge, there are separate standards of review

---

[4]  *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).

[5]  *Mendoza v. State*, No. 11-12-00206-CR, 2013 WL 2642406, at *3 (Tex. App.—Eastland Jun. 6, 2013) (mem. op., not designated for publication).

[6]  *Id*. at *3-*4.

[7]  *Id*. at *4.

depending on whether the defendant timely objected to the jury instructions.[8]   If the defendant timely objected to the jury instructions, then reversal is required if there was some harm to the defendant.[9]   If the defendant did not timely object to the jury instructions, as is the case here, then reversal is required only if the error was so egregious and created such harm that the defendant did not have a fair an impartial trial.[10]

Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory.[11]   In examining the record to determine whether charge error is egregious, we consider: (1) the entirety of the jury charge itself, (2) the state of the evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the trial record as a whole.[12]   Egregious harm is a difficult standard to meet and such a determination must be made on a case-by-case basis.[13]   Neither party bears the burden on appeal to show harm or lack thereof under this standard.[14]

## IV.  Analysis

---

[8]   *Almanza*, 686 S.W.2d at 171.

[9]   *Id.*

[10]   *Id.*

[11]   *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007).

[12]   *Gelinas v. State*, 398 S.W.3d 703, 705-706 (Tex. Crim. App. 2013).

[13]   *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011).

[14]   *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).

We conclude that a consideration of all relevant factors does not reveal the existence of egregious harm to Mendoza under the *Almanza* standard. The omission of a § 8.07(b) instruction did not affect the very basis of the case, deprive Mendoza of a valuable right, or vitally affect a defensive theory.[15]

## A. The Jury Charge

In addition to the absence of a § 8.07(b) limiting instruction, Mendoza argues that the language of instruction four—that the State may prove the indicted offense to have been committed at any time before the presentment of the indictment—affirmatively authorizes the jury to convict based on the two incidents that occurred before Mendoza's seventeenth birthday. We believe that the charge taken as a whole sufficiently directed the jury's attention to the charged incident.

The court instructed the jury that Mendoza was charged with aggravated sexual assault alleged to have been committed on or about the 15th day of August, 2010. The charge made no mention of any other dates or incidents. The court instructed the jury that Mendoza was on trial solely for the charge contained in the indictment, which the jury was informed several times was only the final, 2010 incident. Furthermore, the charge included a limiting instruction that explained to the jury what function the evidence of the first two incidents should serve in its decision: evidence of acts other than those charged should be considered only for the permissible purposes under Rule of Evidence 404(b) and Code of

---

[15] *See Stuhler*, 218 S.W.3d at 719.

Criminal Procedure article 38.37—proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[16] or state of mind of the defendant and the child and the previous and subsequent relationship between the defendant and the child,[17] respectively. The court instructed the jury that Mendoza was guilty only if it believed beyond a reasonable doubt that he committed aggravated sexual assault on or about the 15th day of August, 2010. The court instructed the jury that its sole duty was to determine Mendoza's guilt or innocence under the indictment in this case.

A defect in the jury instructions can be mitigated by the context in which it was presented.[18] While the trial court should have given a § 8.07(b) instruction, the charge as a whole focused the jury on the charged incident and appropriately directly the jury to limit its consideration of Mendoza's prior conduct.

## B. The State of the Evidence

The victim testified that Mendoza sexually assaulted her on three separate occasions over five years. She provided details at trial about the assaults, including the approximate dates, times, and words exchanged during the incidents. An exam conducted by a Sexual Assault Nurse Examiner on the victim revealed healed injuries consistent with the sexual abuse described. One of the incidents occurred in 2010, after Mendoza's seventeenth

---

[16] TEX. R. EVID. 404(b)

[17] TEX. CRIM. PROC. CODE art. 38.37

[18] *See Gelinas*, 398 S.W.3d at 708-709.

birthday. Mendoza presented witnesses at trial who testified that he and the victim were never home alone. Mendoza testified and denied ever assaulting the victim. The jury found Mendoza guilty of the only charged count of aggravated sexual assault.

It is unlikely that the jury believed Mendoza to have sexually assaulted the victim on the first two occasions before he was seventeen, but disbelieved Mendoza to have sexually assaulted the victim on the third occasion after he was seventeen.[19] Mendoza's position at trial was that none of the assaults occurred, rather than that the first two occurred but the last one did not. The jury would much more likely believe either that all of the assaults occurred or that none of the assaults occurred. Evidence of the first two incidents was properly admitted under Texas Rule of Evidence 404(b) and Texas Code of Criminal Procedure 38.37 as evidence for the jury to consider for the enumerated permissible purposes, including the relationship between Mendoza and the victim.[20] The jury could have found that the evidence of the first two incidents made it more likely that the third incident occurred, and the evidence of the first two incidents combined with all the other evidence presented in the case convinced it beyond a reasonable doubt that the third incident occurred.

Mendoza argues that the relatively graphic nature with which the victim described the first two incidents compared to the tamer nature with which the victim described the third might have led the jury to find that the first two incidents did occur, while finding that the

---

[19] *See Taylor*, 332 S.W.3d at 493.

[20] *See* TEX. R. EVID. 404(b); *see also* TEX. CODE CRIM. PROC. art. 38.37.

third incident did not occur. An examination of the victim's testimony reveals that all three incidents were described with equal amounts of detail. Moreover, the victim described the final attack at the beginning of her testimony, and then testified about the first and second attacks, drawing the focus of the direct examination to the third. Many of the victim's answers to questions about the first and second incidents were that it "happened the same way" as it did in the final incident, rather than retelling the details.

There is no indication of egregious harm based on the state of the evidence. In addition to the jury's probable understanding that it could only convict on the third incident, there is no indication that it disbelieved the victim's testimony only regarding the third incident but inappropriately convicted on the first two incidents nonetheless.

### C. Arguments of Counsel

Counsel for Mendoza was the first in closing arguments to bring up the testimony regarding the assaultive incidents that took place before Mendoza was seventeen. The defense attorney referred to all three of the incidents in the same manner and did not emphasize any one over the others. Similarly, the State spent approximately equal time discussing the three different incidents, grouping them all together for the purpose of arguing that they actually happened. The State did not encourage the jury to find Mendoza guilty based on the first two incidents, but instead focused on the last incident: "[h]e was 17 years old the last time this happened, 13 the first time, 16 the next time, 17 the last time. She was six, nine and ten. This is not child on child. This was a man, 17-year-old man on a ten-year-

old girl." The State's focus on the final incident makes this factor weigh against egregious harm because it made clear to the jury on which incident it could determine guilt.

### D. Other Relevant Information

Mendoza urges us to consider remarks by the State during jury selection that he believes weigh in favor of egregious harm. Specifically, Mendoza argues that "the prosecutor sought to distance himself from and downplay the 'on or about' language of the indictment" by saying "the law says that if a crime happened around a certain period of time and the jurors all believe that it was on or about this period of time, that's good enough." We fail to see how this correct statement of the law weighs in favor of egregious harm.

Moreover, the State during jury selection explained that only when a person is seventeen can he or she be charged as an adult in Texas. The State explained that crimes committed by a person under seventeen are handled in juvenile court. The State's remarks made during jury selection weigh against egregious harm here because it was made clear to the jury that seventeen is the age after which individuals can be prosecuted in the district courts for crimes in Texas. The jury was made well aware that the first two incidents occurred before Mendoza was seventeen and that the third incident occurred after Mendoza turned seventeen.

## V. Conclusion

Although we find that the court of appeals used an inappropriate harm analysis, we hold that it reached the correct conclusion. We hold that the erroneous omission of a §

8.07(b) instruction did not egregiously harm Mendoza. The court of appeals' judgment is affirmed.

DELIVERED: June 18, 2014

DO NOT PUBLISH